UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| RAYLIN RICHARD | CIVIL ACTION NO. 6:11-cv-0083 |
| -vs- | JUDGE DRELL |
| ANADARKO PETROLEUM CORPORATION, DOLPHIN DRILLING LTD., HUNTING ENERGY SERVICES, INC., AND SMITH INTERNATIONAL, INC. | MAGISTRATE JUDGE KIRK |

## RULING

Pending before the court is Liberty Mutual Insurance Co.'s Motion for Summary Judgment regarding Offshore Energy Services' amended cross claim. (Doc. 263). For the following reasons, the motion will be **DENIED**.

### I.   Background and Procedural History

On March 24, 2015, this court ruled that Offshore Energy Services (OES) and Anadarko were entitled to reform the indemnity provision in their Master Service Agreement dated November 1, 2000. (Doc. 242). Pursuant to that ruling, OES filed a motion to amend its cross claim against Liberty Mutual, which we granted on October 21, 2015. (Doc. 325). Among other things, the amended cross claim sets forth the reformed indemnity provision, which reflects the mutual intent of OES and Anadarko to include "contractors and their employees" within the category of "subcontractors and their employees." (Doc. 255-2). Liberty Mutual then filed this motion for summary judgment based on OES' amended cross claim. (Doc. 263).

## II. Law and Analysis

In the pending motion, Liberty Mutual again argues that OES should not be allowed to reform the OES/Anadarko contract because Fifth Circuit precedent "clearly dictates that reformation should not be granted in this case." (Doc. 263-3). This is the same argument that was fully argued and discussed in our previous ruling, in which we held that reformation was proper in this case. (Doc. 242). The only additional support Liberty Mutual offers is a citation to a recent Fifth Circuit case, Wilcox v. Wild Well Control, Inc., 794 F.3d 531 (5th Cir. 2015).

In Wilcox, plaintiff sued Max Welders, L.L.C. (Max Welders), Superior Energy Services, Inc. (Superior), and Wild Well Control, Inc. (Wild Well)–a subsidiary of Superior–for Jones Act negligence, and unseaworthiness, or alternatively, vessel negligence against the D/B SUPERIOR PERFORMANCE. Id. at 535. The vessel was originally owned by Superior who had sold it to Wild Well. Id. Pursuant to the terms of a Vessel Boarding Agreement (VBA) between Max Welders and Superior, Wild Well and Superior filed a cross claim against Max Welders seeking indemnification. Id.

The VBA stated that Max Welders was to indemnify the "Owner" of the vessel from any injury claims of its employees. Id. at 540. The term "Owner" was specifically defined as "Superior Energy Services, L.L.C." Id. at 541. Superior and Wild Well argued that the VBA was intended to provide indemnity for the vessel, regardless of whether it was owned by Superior or Wild Well, and that the VBA should be reformed to reflect that intent. Id. The parties conceded that the plain language of the agreement did not reflect the intent to indemnify a subsidiary to whom Superior sold the vessel. Id. We note, especially, that the parties to the contract—Max Welders and Superior— totally disagreed on the intent behind the contractual provisions.

2

Relying primarily on American Electric Power Co. v. Affiliated FM Insurance Co., 556 F.3d 282 (5th Cir. 2009), the Fifth Circuit court stated that there was nothing ambiguous about the term "Owner." Id. at 541–542. The VBA clearly only covered "'vessels owned, chartered and/or operated by' Superior." Id. at 542. Further, the court found that the parties failed to show how the alleged mistake was "'the type of error that reformation is intended to remedy.'" Id. (citing American Electric Power Co., 556 F.3d at 288). This was simply an attempt by the parties to make "'an end-run around the parol-evidence rule . . . fram[ed] . . . as a request for reformation.'" Id. Thus, reformation was improper. Id.

We find that Wilcox is distinguishable because OES and Anadarko's mutual mistake is "the type of error that reformation is intended to remedy." This is not a case where the parties seek to use parol evidence to interpret unambiguous language. Here, all of the contracting parties showed by clear and convincing evidence that they mutually intended a "knock for knock" indemnification scheme that was not properly perfected because they failed to provide designations for every conceivable name in their contractual relationship. (See doc. 242, p. 15–23). As we observed before, we know this because on at least one other occasion and before Liberty Mutual denied coverage in this case, OES and Anadarko acted consistently with the "knock for knock" scheme by indemnifying *all* parties—whether called contractors or subcontractors—from the injuries of their own employees. (See doc. 242, p. 18–19). Thus, because the ruling in Wilcox does nothing to change the analysis of our previous ruling, Liberty Mutual is not entitled to judgment as a matter of law.

Finally, the court must note and we accept, because of apparent confusion in some of the arguments by the parties in this case, that the reformed language in OES' amended cross claims against Liberty Mutual and Valiant provides the correct and true intent of the antecedent agreement

3

between OES and Anadarko to enter into a "knock for knock" indemnity scheme. The amended cross claim language is, and will remain, final for purposes of the reformation allowed. Accordingly, no further discovery or inquiry on this issue will be allowed as Liberty Mutual and Valiant have urged.

### III. Conclusion

For the foregoing reasons, Liberty Mutual's Motion for Summary Judgment (Doc. 263) will be **DENIED**.

SIGNED on this 28th day of October, 2015 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT